

**SO ORDERED,**

*Edward Ellington*

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: August 28, 2018**

The Order of the Court is set forth below. The docket reflects the date entered.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| FLECHAS & ASSOCIATES, P.A. | CASE NO. 1303549EE |

STEPHEN SMITH, CHAPTER 7 TRUSTEE
FOR THE BANKRUPTCY ESTATE OF FLECHAS
& ASSOCIATES, P.A., AND FOR THE BANKRUPTCY
ESTATE OF EDUARDO A. FLECHAS

V.                                                    ADVERSARY NO. 1700006EE

MCF CAPITAL, LLC; MCS CAPITAL, LLC;
RMC/CMG PORTFOLIO HOLDING, LLC; WAG,
LLC; DANNY E. CUPIT; BOBBY MOAK; DUDLEY
GUICE; THE UNITED STATES OF AMERICA FOR
THE INTERNAL REVENUE SERVICE; AND THE
STATE OF MISSISSIPPI FOR THE MISSISSIPPI
DEPARTMENT OF REVENUE

Mr. Stephen Smith                                    Chapter 7 Trustee
stephen@smithcpafirm.com
1855 Crane Ridge Drive, Suite D
Jackson, MS 39216

Hon. Derek A. Henderson                              Attorney for Chapter 7 Trustee
derek@derekhendersonlaw.com
1765-A Lelia Drive, Suite 103
Jackson, MS 39216

Hon. Stephanie Rippee                                     Attorney for MCF AF, LLC
srippee@watkinseager.com
P. O. Box 650
Jackson, MS  39201-0650

Hon James E. Renfroe                                        Attorney for WAG, LLC
jrenfroe@mslawfirm.biz
648 Lakeland East, Suite A
Flowood, MS  39232

Hon. Danny E. Cupit                           Attorney for Danny E. Cupit & Bobby Moak
decupit@aol.com
P. O. Box 22929
Jackson, MS  39225

Hon. Sylvie D. Robinson                    Attorney for Mississippi Department of Revenue
sylvie.robinson@dor.ms.gov
P. O. Box 22828
Jackson, MS  39225-2828

Mr. Dudley Guice, *pro se*
375 Highway 28
Fayette, MS  39069

Edward Ellington, Judge


## MEMORANDUM OPINION ON
### *MOTIONS FOR SUMMARY JUDGMENT*

    **THIS MATTER** came before the Court on two separate motions[1] for summary

---

[1]The Mississippi Department of Revenue (MDOR) filed a *Motion for Summary Judgment as to Priority of MDOR Liens and for Distribution of Interplead Funds* (Adv. Dkt. #164).  On June 22, 2018, the parties settled MDOR's motion and entered into a *Stipulation and Agreed Order Among Mississippi Department of Revenue, MCF AF, LLC; MCS Capital, LLC; RMC/CMG Portfolio, Holding LLC; WAG, LLC; Danny E. Cupit; Bobby Moak; Dudley Guice; and the United States of America for the Internal Revenue Service Resolving Mississippi Department of Revenue's Motion for Summary Judgment as to Priority of MDOR Liens and for Distribution of Interpled [sic] Funds* (Adv. Dkt. #172).  In addition, *Defendant's (Dudley Guice) Motion for Summary Judgment* (Adv. Dkt. #163) was filed, however, that motion will be addressed in the *Order on Defendant's (Dudley (Guice) Motion for Summary Judgment* entered simultaneously with the above styled Opinion.

judgment, a joinder, and the respective responses:

(1)  *Motion of Bobby Moak and Danny E. Cupit for Summary Judgment* (Adv. Dkt. #161) and *MCF AF LLC's Response in Opposition to Motion for Summary Judgment of Bobby Moak and Danny E. Cupit* (Adv. Dkt. #173);

(2)  *MCF AF LLC's Motion for Summary Judgment* (Adv. Dkt. #166) and *Response of Robert W. "Bobby" Moak and Danny E. Cupit. [sic] to the Motion for Summary Judgment filed by MCF AF, LLC* (Adv. Dkt. #170); and

(3)  *WAG, LLC's Amended Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC* (Adv. Dkt. #184).

Having considered same, the Court finds that the *Motion of Bobby Moak and Danny E. Cupit for Summary Judgment* (Adv. Dkt. #161) should be denied; that the *MCF AF LLC's Motion for Summary Judgment* (Adv. Dkt. #166) should be granted; and that the joinder contained in *WAG, LLC's Amended Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC* (Adv. Dkt. #184) is granted as MCF AF, LLC's priority, but denied as to WAG, LLC's claim of priority.

## FINDINGS OF FACT

The Court finds that the following facts[2] are not in dispute:

Eduardo A. Flechas (Flechas) is an attorney licensed to practice law in the State of Mississippi. According to the web site of the Secretary of State of the State of Mississippi, Flechas

---

[2]The Court acknowledges that the interpretation of some of these facts is in dispute, but the underlying facts are not in dispute.

created the law firm of Flechas & Associates, P.A.[3] (Debtor) in 2002. Flechas is listed as the incorporator, director, and president of the Debtor.

In October of 2007, the Debtor entered into *Contract[s] of Employment* (Employment Contracts) with five (5) separate parties.[4] The Debtor filed suit on behalf of these five (5) plaintiffs, and the case was styled *Rosalyn Simon, by and through Loraine Simon, Her Natural Mother, Adult Next Friend and Guardian Ad Litem; Ken'driana Gibbs, by and through Donzella January, Her Natural Mother, Adult Next Friend and Guardian Ad Litem; Petra "Ron" Chess, by and through Louise Chess, Her Natural Mother, Adult Next Friend and Guardian Ad Litem; Davion Norton, by and through Eva Norton, His Natural Mother, Adult Next Friend and Guardian Ad Litem,; and Alexandria Nickel, by and through Belinda Nickel, Her Natural Mother, Adult Next Friend and Guardian Ad Litem, v. Texaco, Inc.; Chevron Corporation; Estate of W. Joe Brown d/b/a Brown Auto Parts; and John Does 1-10* (Simon Litigation). The case was filed in the Circuit Court of Jefferson County, Mississippi, and assigned Cause No. 2007-110.

The Simon Litigation involved an allegation that the plaintiffs suffered injuries as a result of ground water contamination from underground storage tanks allegedly owned and maintained by the defendants and/or their successors in interest. While the Simon Litigation was pending, the Debtor associated two additional attorneys to serve as co-counsel in the Simon Litigation.[5]

---

[3]Flechas & Associates, P.A. was administratively dissolved by the Secretary of State on December 8, 2015. Since all of the Contracts which are the subject of this Opinion were entered into prior to 2015, the dissolution of Flechas & Associates, P.A. is not relevant to the matter before the Court.

[4]*MCF AF, LLC's Reply Memorandum in Support of Its Motion for Summary Judgment*, Adv. Pro. No. 1700006EE, Adv. Dkt. #182-2, Exhibit 2, (July 6, 2018).

[5]According to the *Motion to Interplead and for Joinder of Parties* (Adv. Dkt. #161-1, Exhibit 6) the Debtor and Flechas filed in the Chancery Court of Jefferson County (Case No. 2010-112), the

Cupit/Moak Contract

On November 12, 2009, Danny Cupit, and Robert W. "Bobby" Moak (Cupit/Moak) entered into a contract styled *Assignment Agreement*[6] (Cupit/Moak Contract) with Flechas. The first paragraph of the Cupit/Moak Contract states "THIS AGREEMENT is made on the 12th day of November, 2009, between Eduardo A. Flechas ("Flechas"), Danny Cupit ("Cupit"), and Robert W. "Bobby" Moak ("Moak").[7]

The basic terms of the Cupit/Moak Contract are that Cupit/Moak would provide to Flechas up to $100,000.00 "to be used in the prosecution"[8] of the Simon Litigation. In exchange for up to $100,000.00, Flechas agreed to "assign to Cupit and Moak each . . . 7.5% of the total amount of attorney's fees collected"[9] or stated another way, 15% of Flechas' 50% contingent fee.

Cupit/Moak allege that Flechas represented to them that he had not entered into any other similar contracts like the Cupit/Moak Contract. *See Affidavit of Robert W. "Bobby" Moak,* Adv. Proc. No. 1700006EE, Adv. Dkt. #161-1, Exhibit A, ¶6-7 (June 8, 2018). Cupit/Moak disbursed a total of $99,800.00 to Flechas.

At the time that the Cupit/Moak Contract was entered into with Flechas, Cupit and Moak were attorneys licensed to practice law in Mississippi. Cupit and Moak were never in the same law

---

Debtor associated Dennis C. Sweet, III, and Michael S. Allred. The motion further states that Mr. Allred was ultimately terminated by the plaintiffs. The association of these two (2) attorneys does not affect nor is relevant to the matter pending before the Court.

[6]*Affidavit of Robert W. "Bobby" Moak*, Adv. Proc. No. 1700006EE, Adv. Dkt. #161-1, Exhibit A-1, p. 1 (June 8, 2018).

[7]*Id.*

[8]*Id.*

[9]*Id.*

firm as Flechas nor were they counsel of record for the plaintiffs in the Simon Litigation.

MCF Contract

On March 15, 2011, MCF AF, LLC (MCF) and the Debtor entered into a *Confidential Judgment Purchase and Sale Agreement*[10] (MCF Contract). The second paragraph of the MCF Contract states "[t]his Agreement is entered into at Los Angeles, California as of March 15, 2011, by and between Flechas & Associates, P.A. ("Seller") and MCF AF, LLC, a Delaware limited liability company ("Buyer")."[11]

MCF paid the Debtor $295,500.00 in exchange for the Debtor selling $600,000.00 of the Debtor's attorney's fees in the Simon Litigation to MCF. In order to perfect its security interest, MCF filed a *UCC Financing Statement*[12] (Financing Statement) on April 12, 2011. At the time it entered into the MCF Contract, the Debtor did not disclose the Cupit/Moak Contract to MCF.

WAG Contract:

On May 14, 2012, The Grace Partnership, LP[13] entered into a *Contingent Fees Purchase Agreement*[14] (WAG Contract). The first paragraph of the WAG Contract states: "[t]his Contingent

---

[10]*Confidential Judgment Purchase and Sale Agreement*, Adv. Proc. No. 1700006EE, Adv. Dkt. #167-3, Exhibit C (June 8, 2018).

[11]*Id.*

[12]*Id.* at Exhibits D and E.

[13]The Grace Partnership, LP is the name of the entity who entered into the contract, however, WAG, LLC (WAG) is the party who has appeared in this adversary proceeding and is asserting an interest in the funds. The Court is unclear how WAG, LLC became the claimant. Since the Debtor, Flechas, MCF nor Cupit/Moak have raised the issue of whether WAG is the successor to The Grace Partnership, LP, for the purposes of this Opinion, the Court will presume WAG is the proper party and use the name WAG and not The Grace Partnership.

[14]*Proof of Claim*, Claim 11-1, Case No. 1303549EE.

Fees Purchase Agreement ("AGREEMENT") is dated May 14, 2012, and is between Eduardo

Flechas, Esq. ("ATTORNEY"), individually, FLECHAS & ASSOCIATES, P.A. ("LAW FIRM")

. . . and THE GRACE PARTNERSHIP. . . ."[15]  WAG paid the Debtor $66,000.00 in exchange for

the Debtor selling $99,000.00 of the Debtor's attorney's fees in the Simon Litigation and other

pending litigation of the Debtor.  The Debtor did disclose to WAG, LLC (WAG) that it had

previously assigned $200,000.00 of the attorney's fees from the Simon Litigation (and two other

cases) to MCS Capital, LLC.[16]  The WAG Contract provides that WAG's "claims shall be limited

to fees remaining AFTER MCS Capital LLC has been paid."[17]  The Debtor did not disclose the

Cupit/Moak Contract or the MCF Contract to WAG.

Simon Litigation Settlement

On or about August 11, 2010, a jury in the Simon Litigation returned a verdict in favor of

the plaintiffs.  The verdict was for $19,000,000.00, however, the court subsequently reduced the

verdict to a final judgment of $16,829,372.00.  The defendants appealed the final judgment to the

Supreme Court of Mississippi.

In September of 2013, the Simon Litigation plaintiffs entered into a settlement agreement

with the defendants.  In exchange for total releases of the defendants and dismissal with prejudice

---

[15]*Id.* at 1.

[16]On November 18, 2010, J.D. Capital LP I entered into an agreement with the Debtor and
Flechas whereby the Debtor and Flechas pledged attorney's fees from several of their pending cases
(including the case which is the subject of this Opinion).  MCS Capital, LLC was assigned this
agreement in 2013.  As addressed in § III(B)(2)(b) of this Opinion, MCS Capital, LLC is not a party
to the motions before the Court. *WAG, LLC's Amended Combined Response to Motions for
Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF
AF, LLC,*
Adv. Proc. No. 1700006EE, Adv. Dkt. #184-1, p. 2 (July 17, 2018).

[17]*Id.* at 3.

of the Simon Litigation, the plaintiffs agreed to accept $3,500,000.00 (Simon Litigation Settlement).

Flechas had other clients with claims similar to the Simon Litigation plaintiffs, but these claims had not been litigated. Out of the aggregate settlement amount, Flechas allocated $2,000,000.00 to the Simon Litigation. He allocated the remaining $1,500,000.00 to his clients whose claims had not been litigated.[18]

Out of the Simon Litigation Settlement, Flechas disbursed portions of his attorney's fees to various parties, but did not tender any funds to Cupit/Moak, MCF or WAG. Instead of paying Cupit/Moak, MCF, and WAG, Flechas filed a *Motion to Interplead and for Joinder of Parties*[19] (State Interpleader Motion) in the Chancery Court of Jefferson County, Mississippi. The State Interpleader Motion states "[i]n 2007, the Defendant, Eduardo A. Flechas, and the law firm of Flechas & Associates, P.A. ("Flechas"), were retained to represent five (5) plaintiffs in an environmental action (*Rosalyn Simon, et al. v. Texaco, Inc., et al.;* In the Circuit Court of Jefferson County, Mississippi; Cause Number 2007-110)."[20]

It was at this point that Cupit/Moak, MCF, and WAG learned not only of each other, but also learned of other lending entities with whom Flechas and/or the Debtor had entered into contracts. Flechas and/or the Debtor sold, assigned or pledged a portion of the fees from the Simon Litigation to these parties in exchange for cash.

In the State Interpleader Motion, Flechas interplead $240,601.29 (Simon Litigation Funds).

---

[18]While the parties may dispute how Flechas arbitrarily allocated the $3,500,000.00 between the Simon Litigation and his other clients, this dispute is not material to the matter before the Court.

[19]*Motion of Bobby Moak and Danny E. Cupit for Summary Judgment*, Adv. Pro. #1700006EE, Adv. Dkt. # 161-1, Exhibit 6, p. 36 of 124 (June 8, 2018).

[20]*Id.*

Flechas asserted that this was the balance of the fees owed to him from the Simon Litigation after the deduction of other fees and expenses.[21]  Cupit/Moak joined the State Interpleader Motion as a defendant and filed a counter-claim.

MCF and some of the other named parties to the State Interpleader Motion, filed suit against Flechas and the Debtor in the United States District Court for the Southern District of Mississippi. (Case No. 3:13-cv-000621-DPJ-FKB) (District Court Litigation) instead of joining the State Interpleader Motion.  The parties rigorously proceeded with the District Court Litigation.

Meanwhile in the State Interpleader Motion, the chancellor dismissed Flechas' interpleader motion and transferred Cupit/Moak's counter-claim to the Jefferson County Circuit Court.  In the Jefferson County Circuit Court, Flechas and Cupit/Moak filed competing motions for summary judgment.

Bankruptcy Filing

On November 26, 2013, MCS Capital, LLC filed *Involuntary Petitions* under Chapter 7 of the Bankruptcy Code against the Debtor (Flechas & Associates, P.A.)[22] and Eduardo A. Flechas[23] (Flechas).  On October 20, 2015, the Debtor and Flechas withdrew their opposition to the involuntary petitions and consented to the filing of Chapter 7 bankruptcy petitions.  In January of 2016, the Debtor and Flechas converted their cases to Chapter 11s.  Then on March 22, 2016, the Debtor and Flechas converted their cases back to Chapter 7s, which is the current status of the cases. Stephen Smith was appointed the Chapter 7 Trustee in both cases.  After the bankruptcy cases were

---

[21]*Id.* at 39 of 124.

[22]Case No. 1303549EE.

[23]Case No. 1303550EE.

filed, litigation between the parties proceeded in the District Court Litigation and in this Court.

On September 30, 2016, this Court entered an *Order Granting Motion for Release of Funds and Pay to Registry of the Court*[24] in both bankruptcy cases. This order authorized the Chancery Clerk of Jefferson County, Mississippi, to release the Simon Litigation Funds received from the Debtor and Flechas (as a result of the State Interpleader Motion) to the Chapter 7 Trustee, Stephen Smith (Trustee). Subsequently, the Trustee received the Simon Litigation Funds from the Chancery Clerk of Jefferson County, Mississippi.

Adversary Proceeding

On January 12, 2017, the Trustee commenced the above-styled adversary proceeding with the filing of the *Complaint* (Complaint). In the Complaint, the Trustee states that he received $240,295.29[25] from the Jefferson County Chancery Clerk and that each of the defendants named in the Complaint asserted a claim of some type against the Simon Litigation Funds. The Trustee was unable to determine the extent, validity, or priority of the defendants' claims, therefore, the Trustee requested the authority to interplead the Simon Litigation Funds into the registry of the Court.

The Court entered the *Order Granting Motion for Interpleader* (Adv. Dkt. #27) (Interpleader Order) on February 3, 2017. The Interpleader Order states that "[t]he fact that the payment of the funds is in the Flechas & Associates, PA bankruptcy case (Case No. 13-03549 EE) is a convenience for the procedure of the interpleader and is not an adjudication that the funds are property of the Flechas & Associates, PA bankruptcy case."

---

[24]Case No. 1303549EE, Dkt. #393; Case No. 133550EE, Dkt. No. 502.

[25]The Jefferson County Chancery Clerk had reduced the amount by $306.00 for fees and expenses.

The defendants filed answers to the Complaint and cross-claims against each other. A scheduling order was entered and discovery was conducted. The scheduling order was extended four or five times. Due to developments in the District Court Litigation (discussed below), on May 22, 2018, the parties entered into a *Scheduling Order for Dispositive Motions* (Adv. Dkt. #159).

The two motions which are relative to this Opinion were filed by Cupit/Moak and MCF. On June 8, 2018, the *Motion of Bobby Moak and Danny E. Cupit for Summary Judgment* (Adv. Dkt. #161) (Cupit/Moak Motion) and *MCF AF LLC's Motion for Summary Judgment* (Adv. Dkt. #166) (MCF Motion) were filed. Responses, rebuttals, and briefs were filed by the parties.

Cupit/Moak Motion

Cupit/Moak contend that they have priority over MCF and WAG because they hold a "valid and enforceable agreement with Flechas that gives them legal priority over any of the subsequent claims of these creditors."[26] Cupit/Moak contend that the Uniform Commercial Code (UCC) does not apply to their Contract, or if it does, their Contract is exempt from the UCC.

Consequently, out of the $2,000,000.00 (Simon Litigation Funds), Cupit/Moak claim they are entitled to the total amount of $231,050.00. This figure includes $131,250.00 as 15% of Flechas' 50% contingent fee from the Simon Litigation plus the original $99,800.00 loaned to Flechas via the Cupit/Moak Contract.

MCF Motion

MCF disputes Cupit/Moak's claim that they have a valid first lien on the Simon Litigation Funds. MCF alleges that the UCC does apply to the Cupit/Moak Contract. MCF asserts that even

---

[26]*Motion of Bobby Moak and Danny E. Cupit for Summary Judgment*, Adv. Pro. #1700006EE, Adv. Dkt. #161, p. 11, ¶ 34, June 8, 2018.

though Cupit/Moak entered into the Cupit/Moak Contract with Flechas before MCF entered into its contract with the Debtor, MCF has a valid first lien on the Simon Litigation Funds because unlike Cupit/Moak, MCF perfected its security interest in the Simon Litigation Funds with the filing of UCC-1 financing statements.

<u>WAG Joinder</u>

On July 17, 2018, *WAG, LLC's Amended Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC* (Adv. Dkt. #184) (WAG Joinder) was filed.  In the WAG Joinder, WAG joined the MCF Motion with respect to MCF's position that MCF has a superior lien over Cupit/Moak, but "vehemently disputes the 'fact' set forth in the MCF Motion and MCF Brief that MCF possesses a 'first, perfected, secured lien and [the interpleaded funds] should be distributed to MCF AF.'"[27]  Rather, WAG contends that MCS Capital, LLC has a first lien on the Simon Litigation Funds.  Since the WAG Contract states that WAG's interest "shall be limited to fees remaining AFTER MCS Capital, LLC has been paid[,]"[28] WAG contends this provision gives it priority over MCF.  After the final response was filed to the WAG Joinder, the Court took the matter under advisement.

<u>District Court Litigation</u>

As mentioned previously, in addition to litigation in Jefferson County, Mississippi, the parties were involved in litigation before the Honorable Daniel P. Jordan, III, in the United States

---

[27]*WAG, LLC's Amended Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC*, Adv. Pro. No. 1700006EE, Adv. Dkt. #184, p. 2, July 17, 2018.

[28]*Id.* at Adv. Dkt. #184-1, p. 3.

District Court for the Southern District of Mississippi.[29]  On May 8, 2015, an *Agreed Order* (Dkt. #184) was entered in this Court holding the two bankruptcy cases in abeyance and allowing the parties to litigate the issue of lien priority among the various claimants before Judge Jordan.[30]

After much litigation in District Court, WAG, MCF, and Cupit/Moak each entered into settlement agreements with the Debtor and Flechas in the District Court Litigation.  On October 19, 2016, the *Agreed Final Judgment in Favor of WAG, LLC* (Dt. Crt. Dkt. No. 318) (WAG Judgment) was entered.  In the WAG Judgment, WAG was granted a final judgment against the Debtor, Flechas, and The Flechas Law Firm, PLLC, jointly and severally, in the amount of $137,500.00 plus post-judgment interest. The WAG Judgment further states that it is nondischargeable.

On November 7, 2016, the *Agreed Final Judgment* (Dt. Crt. Dkt. No. 320) (Cupit/Moak Judgment) was entered.  In the Cupit/Moak Judgment, Cupit/Moak were awarded a final judgment against Flechas in the amount of $125,000.00 plus post-judgment interest.  The judgment further states that "[t]his judgment shall constitute a lien and/or security interest on such portion of Flechas' attorney *[sic]* fees from the [Simon Litigation] assigned to Moak and Cupit to the same extent that the initial assignment was considered as a lien and/or security interest against said fees."[31]

On July 20, 2017, the *Agreed Findings of Fact, Conclusions of Law and Final Judgment in Favor of MCF AF LLC* (Dt. Crt. Dkt. No. 323) (MCF Judgment) was entered.  In the MCF Judgment, MCF was granted a final judgment against the Debtor, Flechas, and The Flechas Law

---

[29]Dt. Crt. Case No. 3:13-cv-00621-DPJ-FKB.

[30]Several subsequent orders were entered allowing the parties to litigate the validity, priority, and extent of the creditors claims against the Debtor and Flechas.  *See* Dkt. #200 and Dkt. #203 in case number 1303549EE.

[31]*Agreed Final Judgment,* Dt. Crt. Case No. 3:13-cv-00621-DPJ-FKB, Dt. Ct. Dkt. #320, p. 2, Nov. 7, 2016.

Firm, PLLC, jointly and severally, in the amount of $400,000.00 plus post-judgment interest. The MCF Judgment further states that it is nondischargeable.

## CONCLUSIONS OF LAW

### I. Jurisdiction

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(1) and (2)(K).

### II. Summary Judgment Standards

Rule 56 of the Federal Rules of Civil Procedure,[32] as amended effective December 1, 2010,[33] provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, "the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 106 S. Ct. 2505, 2510 (1986)." *Newton v. Bank of America (In re Greene),* 2011 WL 864971, at *4 (Bankr. E.D. Tenn. March 11, 2011).

---

[32]Federal Rule of Civil Procedure 56 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

[33]The Notes of Advisory Committee to the 2010 amendments state that the standard for granting a motion for summary judgment has not changed, that is, there must be no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Further, "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases."

"The moving party bears the burden of showing the . . . court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)." *Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003).

Once a motion for summary judgment is pled and properly supported, the burden shifts to the non-moving party to prove that there are genuine disputes as to material facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials."[34]  Or the non-moving party may "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute."[35]  When proving that there are genuine disputes as to material facts, the non-moving party cannot rely "solely on allegations or denials contained in the pleadings or 'mere scintilla of evidence in support of the nonmoving party will not be sufficient.' *Nye v. CSX Transp., Inc.,* 437 F. 3d 556, 563 (6th Cir. 2006); *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 106 S. Ct. 1348, 1356 (1986)." *Newton,* 2011 WL 864971, at *4.  "[T]he nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action." *Malacara v. Garber,* 353 F.3d 393, 404 (5th Cir. 2003).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 106 S. Ct. at 1356 (citations omitted).

When considering a motion for summary judgment, the court must view the pleadings and evidentiary material, and the reasonable inferences to be drawn therefrom, in the light most

---

[34]Fed. R. Bankr. P. 7056(c)(1)(A).

[35]Fed. R. Bankr. P. 7056(c)(1)(B).

favorable to the non-moving party, and the motion should be granted only where there is no genuine issue of material fact. *Thatcher v. Brennan*, 657 F. Supp. 6, 7 (S.D. Miss. 1986), *aff'd*, 816 F.2d 675 (5th Cir. 1987)(citing *Walker v. U-Haul Co. of Miss.*, 734 F.2d 1068, 1070-71 (5th Cir. 1984)); *See also Matshushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538, 553 (1986). The court must decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52, 106 S. Ct. 2502, 2512, 91 L. Ed. 2d. 202 (1986).

### III. Application to the Case at Bar

### A. Judgments

As a preliminary matter, the Court must address the effect of the agreed judgments Cupit/Moak, MCF, and WAG entered into in the District Court Litigation. The bankruptcy cases of Flechas and the Debtor were held in abeyance to allow the parties to litigate the validity and extent of their liens. Before the District Court Litigation went to trial before Judge Jordan, all of the parties entered into agreed judgements and/settlements:

(1)    The Cupit/Moak Judgment, awarded Cupit/Moak a final judgment against Flechas in the amount of $125,000.00 plus post-judgment interest;

(2) The WAG Judgment granted WAG a final judgment against the Debtor, Flechas, and The Flechas Law Firm, PLLC, jointly and severally, in the amount of $137,500.00 plus post-judgment interest; and

(3) The MCF Judgment granted MCF a final judgment against the Debtor, Flechas, and The Flechas Law Firm, PLLC, jointly and severally, in the amount of

$400,000.00 plus post-judgment interest.

*Black's Law Dictionary* defines a judgment as "[a] court's final determination of the rights and obligations of the parties in a case."[36]  *Jones v. Bd. of Sup. of the La. Univ. Syst.*, Case No. 14-2304, 2016 WL 5362700, at *2, n.1 (E.D. La. Sept. 26, 2016).  An agreed judgment is defined as "[a] settlement that becomes a court judgment when the judge sanctions it. • In effect, an agreed judgment is merely a contract acknowledged in open court and ordered to be recorded, but it binds the parties as fully as other judgments."[37]

In the Court of Appeals for the Fifth Circuit, the fact that a judgment resolving a dispute is reached by agreement rather than after a hearing on the merits does not mean that the judgment has no res judicata effect.  "An agreed judgment is entitled to full res judicata effect.  *United States v. International Building Co.*, 345 U.S. 502, 505–06, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953); *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1144 (5th Cir.1981); *Kaspar Wire Works*, 575 F.2d at 538–39."  *United States v. Shanbaum*, 10 F.3d 305, 313–14 (5th Cir. 1994).

Consequently, when Cupit/Moak, MCF, and WAG settled their claims in District Court and entered into agreed final judgments, the extent and validity of their claims against the Debtor and/or Flechas were finally determined and memorialized in the judgments.

## B.  Priority

Once the validity and extent of the claims of Cupit/Moak, MCF, and WAG were established in the District Court Litigation, the parties returned to the Bankruptcy Court to have the issue of the priority of their claims adjudicated.  The parties all agree that the Cupit/Moak Contract is first in

---

[36]JUDGMENT, *Black's Law Dictionary* (10th ed. 2014).

[37]*Id.*

time, but then the question arises of whether Cupit/Moak have first priority.

The parties have thoroughly briefed the issues which they believe relate to who has first priority. The main arguments the parties have briefed are: (1) whether Article 9 of the U.C.C. applies to the Cupit/Moak Contract; (2) if Article 9 applies, is the Cupit/Moak Contract an *account* or an *instrument*; and (3) does any provision of Article 9 exclude the Cupit/Moak Contract from the filing requirements of Article 9.

The Court, however, believes the question of which party has first priority should not be decided on the basis of whether the U.C.C. or common law applies. Rather, the Court finds that the priority of the parties can be determined upon an examination of the Employment Contracts and the contracts Cupit/Moak, MCF, and WAG entered into with the Debtor and/or Flechas.

### 1. Breach of Contract

It is undisputed that the Debtor and Flechas entered into written contracts with Cupit/Moak, MCF, and WAG. The issue then becomes whether Flechas and the Debtor have breached the contracts with Cupit/Moak, MCF, and WAG.

Under Mississippi law, in order to establish a breach of contract, Cupit/Moak, MCF, and WAG each have the separate burden of proving: "(1) the existence of a valid and binding contract between it and [Flechas and/or the Debtor], (2) that [Flechas and/or the Debtor] breached the contract to which it was a party, and (3) that [Cupit/Moak, MCF, and WAG were] damaged monetarily." *United Plumbing & Heating Co., Inc. v. AmSouth Bank,* 30 So.3d 343, 347, (¶ 12) (Miss. App. 2009) (citation omitted).

It is evident that the parties have proven the second and third element: that Flechas and/or the Debtor's failure to pay was a breach of the contracts with Cupit/Moak, MCF, and WAG and that

Cupit/Moak, MCF, and WAG each suffered monetary damages as a result of the breach. Therefore, in order to establish a breach of contract and to be entitled to damages, the parties must establish the first element–the existence of a valid and binding contract between the parties.

In order to prove the existence of a valid and binding contract, "Mississippi law is clear that, 'in order to maintain an action to enforce a breach of contract or to recover damages growing out of a breach, a relationship of privity of contract must exist between the party damaged and the party sought to be held liable for the breach.' *Allgood v. Bradford,* 473 So.2d 402, 415 (Miss. 1985) (*citing Burns v. Washington Savings,* 251 Miss. 789, 171 So.2d 322, 324 (1965))."[38]

Upon examination of the Employment Contracts the Simon Litigation plaintiffs signed, each contract[39] states that the plaintiff "hereby employ the law firm of **Flechas & Associated**, *[sic]* **P.A.** "Attorney", to represent me in my claim against Texaco/Chevron."[40] The contracts are signed on behalf of Flechas & Associates, P.A. by Eduardo Flechas. In order to determine whether privity of contract exists, the Court must examine each contract.

### 2. Contract Interpretation

Under Mississippi law, when interpreting a contract, a court must undertake a three-step analysis of the contract:

We generally apply a three-step analysis when reviewing contract interpretation. *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So.2d 748, 752 (¶ 10)

---

[38]*Saucier v. Coldwell Banker JME Realty,* 644 F. Supp. 2d 769, 780 (S.D. Miss. 2007).

[39]The Simon Litigation was filed by a total of five (5) plaintiffs. Attached to a brief by MCF are copies of four (4) of the five (5) contracts. (The contract with Ken'Driana Gibbs is not included.) With no proof to the contrary, the Court presumes the Gibbs contract is identical to the other contracts.

[40]*MCF AF, LLC's Reply Memorandum in Support of Its Motion for Summary Judgment*, Adv. Pro. No. 1700006EE, Adv. Dkt. #182-2, Exhibit 2, (July 6, 2018) (emphasis added).

(Miss.2003). The first step requires that we determine whether the contract is ambiguous. *Id.* If it is not, we must "accept the plain meaning of a contract as the intent of the parties." *Ferrara v. Walters*, 919 So.2d 876, 882 (¶ 13) (Miss.2005) (citations omitted). If we cannot ascertain the contract's meaning and the parties' intent within the contract's "four corners," we apply the "'canons' of contract construction." *Cherokee Ins. Co. v. Babin*, 37 So.3d 45, 48 (¶ 8) (Miss.2010). If the meaning of the contract is still ambiguous, we turn to extrinsic evidence. *Royer Homes*, 857 So.2d at 753 (¶ 11).

*Martindale v. Hortman Harlow Bassi Robinson & McDaniel PLLC*, 119 So.3d 338, 342 (Miss. Ct. App. 2012).

Applying the first step to the three contracts before the Court, the Court finds that none of the three (3) contracts are ambiguous. Therefore, the Court must "'accept the plain meaning of [the contracts] as the intention of the parties.'" *Id.* (citation omitted).

### a. Cupit/Moak

Looking to the Cupit/Moak Contract, the contract is "between Eduardo A. Flechas ("Flechas"), Danny Cupit ("Cupit"), and Robert W. "Bobby" Moak ("Moak")."[41] Likewise, the Cupit/Moak Judgment is against Eduardo A. Flechas only.[42]

The plain reading of the Cupit/Moak Contract is that it is between Cupit/Moak and Flechas. Therefore, Cupit/Moak has privity of contract with Flechas and has a claim against Flechas for breach of the Cupit/Moak Contract.

Cupit/Moak does not, however, have privity of contract with the entity entitled to the attorney's fees from the Simon Litigation–the Debtor. The Debtor (Flechas & Associates, P.A.) is

---

[41] *Affidavit of Robert W. "Bobby" Moak*, Adv. Proc. No. 1700006EE, Adv. Dkt. #161-1, Exhibit A-1, p. 1 (June 8, 2018).

[42] *Agreed Final Judgment,* Dt. Crt. Case No. 3:13-cv-00621-DPJ-FKB, Dt. Ct. Dkt. #320, p. 2, Nov. 7, 2016.

the party that entered into the Employment Contracts with the Simon Litigation plaintiffs and the party that is entitled to the attorney's fees from the Simon Litigation.  As the only party to the Employment Contracts, only the Debtor could enter into a contract to assign a percentage of the attorney's fees from the Simon Litigation.  While Flechas may be the only member of the Debtor, "[a] corporation is [an] entity separate and distinct from its stockholders.  *Ill. Cent. RR. v. Miss. Cotton Seed Prod., Co.,* 166 Miss. 579, 148 So. 371, 372 (1933)." *Rosson v. McFarland*, 962 So.2d 1279, 1284, (¶ 22) (Miss. 2007).[43]

The Court finds "'no contract, statute, or law that would establish that [Flechas & Associates, P.A.] had a duty to . . . pay money to [Cupit/Moak,] a party it was not obligated to pay.'" *United Plumbing,* 30 So.3d at 347. (quoting trial judge).  Since, Cupit/Moak does not have privity of contract with the Debtor, Cupit/Moak does not have a valid and binding contract with the Debtor.  Consequently, Cupit/Moak does not have a lien on any attorney's fee earned by the Debtor in the Simon Litigation.

### b.  MCF/WAG

Unlike the Cupit/Moak Contract, both the MCF Contract and the WAG Contract are with the Debtor, Flechas & Associates, P.A.[44]  Therefore, both MCF and WAG have privity of contract with the Debtor and have met all three elements to establish a breach of contract claim against the Debtor.  The Court must now determine whether MCF or WAG has first priority.

WAG agrees with MCF that MCF "is properly perfected and that is *[sic]* stands ahead of

---

[43]"The Mississippi Business Corporation Act applies to professional corporations, both domestic and foreign, to the extent not inconsistent with the provisions of this chapter." *Miss. Code. Ann.* § 79-10-3 (1972).

[44]The WAG Contract is also with Eduardo Flechas, Esq.

Moak/Cupit's place in the line of lien priority. . . .[however] WAG contends that MCS Capital, LLC ("MCS") hold the priority position among creditors"[45] on the Simon Litigation Funds.[46]  WAG contends that since the WAG Contract states that WAG's interest "shall be limited to fees remaining AFTER MCS Capital, LLC has been paid[,]"[47] WAG has priority over MCF.  WAG does not cite any authority to support its position that it has priority over MCF via MCS Capital, LLC.

MCF disagrees and asserts that it has priority over MCS Capital, LLC and WAG.  MCF states that before MCF filed its motion for summary judgment, MCF and MCS Capital, LLC reached a settlement with regard to claim priority over the Simon Litigation Funds.  Therefore, MCF states that MCS Capital, LLC is no longer asserting a claim to the Simon Litigation Funds.[48]

The Court acknowledges that an order has not been entered memorializing the settlement between MCS Capital, LLC and MCF.  The *Scheduling Order for Dispositive Motions* (Adv. Dkt. #159) was, however, served on MCS Capital, LLC (*see* Adv. Dkt. #160).  MCS Capital, LLC did not file a dispositive motion claiming an interest in the Simon Litigation Funds nor has MCS Capital, LLC filed pleadings in response to any of the summary judgment motions which were filed in this adversary proceeding.

Due to MCS Capital, LLC's lack of participation in the motions before the Court, the Court

---

[45]*WAG, LLC's Amended Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC*, Adv. Pro. No. 1700006EE, Adv. Dkt. #184, p. 2, July 17, 2018.

[46]Attached to the MCS Capital, LLC *Proof of Claim* (Claim Dkt. #12-1) is a copy of the MCS Capital, LLC contract.  The first line of the contract states that it is between "Eduardo Flechas, Esq., individually, and Flechas & Associates, P.A. and MCS Capital LLC."

[47]*Id.* at Adv. Dkt. #184-1, p. 3.

[48]*MCF AF LLC's Supplement to Its Reply Memorandum in Support of Its Motion for Summary Judgment,* Adv. Pro. No. 1700006EE, Adv. Dkt. #186, p. 2, July 26, 2018.

finds that MCS Capital, LLC is no longer claiming an interest in the Simon Litigation Funds. Consequently, the Court does not find WAG's argument that MCS Capital, LLC has a first priority on the Simon Litigation Funds to be persuasive.

Since the MCF Contract was entered into on March 15, 2011, and as conceded by WAG,[49] was properly perfected with the filing of a Financing Statement fourteen (14) months before the WAG Contract was signed, the Court finds that MCF holds a valid first lien on the Simon Litigation Funds.

## CONCLUSION

None of the parties have shown the existence of "disputes over facts that might affect the outcome of the suit under the governing law [in order to] properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Consequently, the Court must grant summary judgment as a matter of law.

In order to establish a breach of contract, the parties have to show a valid and binding contract, a breach of that contract, and damages. It is undisputed that Cupit/Moak, MCF, and WAG had valid and binding contracts, but the pivotal question is with whom. The Cupit/Moak Contract is a valid and binding contract with Flechas. The MCF Contract and WAG Contract are valid and binding contracts with the Debtor.

The Employment Contracts were not signed by Flechas in his individual capacity. Since the Employment Contracts were between the Simon Litigation plaintiffs and the Debtor, the Debtor is the only party who could enter into a contract to sell or assign the attorney's fees associated with

---

[49]*WAG, LLC's Amended Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC*, Adv. Pro. No. 1700006EE, Adv. Dkt. #184, p. 2, July 17, 2018.

the Employment Contracts.  Cupit/Moak do not have privity of contract with the Debtor, therefore, Cupit/Moak do not have a lien on the fees earned by the Debtor in the Simon Litigation.  Therefore, as a matter of law, the Cupit/Moak Motion should be denied.

The MCF Contract and Financing Statement pre-date the WAG Contract.  The Court finds that WAG cannot "piggy-back" on MCS Capital, LLC's contract with Flechas and the Debtor in order to gain priority over MCF.  For these reasons, the Court finds that summary judgment should be granted as a matter of law in favor of MCF and that MCF has a first priority lien on the $240,295.29 interplead into the registry of the Court.

To the extent the Court has not addressed any of the parties' other arguments or positions, it has considered them and determined that they would not alter the result.

A separate judgment consistent with this opinion will be entered in accordance with Rule 7054 of the Federal Rules of Bankruptcy Procedure.

**##END OF OPINION##**