_____



**SO ORDERED,**

*Edward Ellington*

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: August 28, 2018**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **FLECHAS & ASSOCIATES, P.A.** | **CASE NO. 1303549EE** |

**STEPHEN SMITH, CHAPTER 7 TRUSTEE**
**FOR THE BANKRUPTCY ESTATE OF FLECHAS**
**& ASSOCIATES, P.A., AND FOR THE BANKRUPTCY**
**ESTATE OF EDUARDO A. FLECHAS**

**V.**                                                       **ADVERSARY NO. 1700006EE**

**MCF CAPITAL, LLC; MCS CAPITAL, LLC;**
**RMC/CMG PORTFOLIO HOLDING, LLC; WAG,**
**LLC; DANNY E. CUPIT; BOBBY MOAK; DUDLEY**
**GUICE; THE UNITED STATES OF AMERICA FOR**
**THE INTERNAL REVENUE SERVICE; AND THE**
**STATE OF MISSISSIPPI FOR THE MISSISSIPPI**
**DEPARTMENT OF REVENUE**

Mr. Stephen Smith                                                                Chapter 7 Trustee
stephen@smithcpafirm.com
1855 Crane Ridge Drive, Suite D
Jackson, MS  39216

| | |
|---|---|
| Hon. Derek A. Henderson<br>derek@derekhendersonlaw.com<br>1765-A Lelia Drive, Suite 103<br>Jackson, MS 39216 | Attorney for Chapter 7 Trustee |
| Hon. Stephanie Rippee<br>srippee@watkinseager.com<br>P. O. Box 650<br>Jackson, MS 39201-0650 | Attorney for MCF AF, LLC |
| Hon James E. Renfroe<br>jrenfroe@mslawfirm.biz<br>648 Lakeland East, Suite A<br>Flowood, MS 39232 | Attorney for WAG, LLC |
| Hon. Danny E. Cupit<br>decupit@aol.com<br>P. O. Box 22929<br>Jackson, MS 39225 | Attorney for Danny E. Cupit & Bobby Moak |
| Hon. Sylvie D. Robinson<br>sylvie.robinson@dor.ms.gov<br>P. O. Box 22828<br>Jackson, MS 39225-2828 | Attorney for Mississippi Department of Revenue |

Mr. Dudley Guice, *pro se*
375 Highway 28
Fayette, MS 39069

Edward Ellington, Judge

### ORDER ON *DEFENDANT'S (DUDLEY GUICE )MOTION FOR SUMMARY JUDGMENT*

**THIS MATTER** came before the Court on the *Defendant's (Dudley Guice) Motion for Summary Judgment* (Adv. Dkt. #163) filed by Dudley Guice, *pro se*; *Response of Robert W. "Bobby" Moak and Danny E. Cupit to the Motion for Summary Judgment filed by Dudley Guice* (Adv. Dkt. #168); *MCF AF LLC's Response in Opposition to Motion for Summary Judgment of*

*Dudley Guice* (Adv. Dkt. #175); and *WAG, LLC's Combined Response to Motions for Summary Judgment filed by Defendants Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC* (Adv. Dkt. #176).

Rule 56 of the Federal Rules of Civil Procedure,[1] as amended effective December 1, 2010,[2] provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Uniform Local Rule 7056-1 of the *Uniform Local Rules of the United States Bankruptcy Courts for the Northern and Southern Districts of Mississippi* (Uniform Local Rules) applies to motions for summary judgment.

Uniform Local Rule 7056-1 states: "[a]ny motion for summary judgment must comply with the following requirements. Any motion that does not comply may be denied immediately without requiring a response from the non-moving party."[3] Subsection (3)(A) states that "[e]ach motion for summary judgment must be accompanied by a memorandum brief.

The *Defendant's (Dudley Guice) Motion for Summary Judgment* (Adv. Dkt. #163) (Motion) was filed by Dudley Guice, *pro se*, (Guice) on June 8, 2018. A brief was not filed with the Motion as required by Uniform Local Rule 7056-1(3)(A).

Any responses (and briefs) to the Motion were due within twenty-one (21) days of the filing

---

[1] Federal Rule of Civil Procedure 56 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

[2] The Notes of Advisory Committee to the 2010 amendments state that the standard for granting a motion for summary judgment has not changed, that is, there must be no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Further, "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases."

[3]

of the Motion.  The *Response of Robert W. "Bobby" Moak and Danny E. Cupit to the Motion for Summary Judgment filed by Dudley Guice* (Adv. Dkt. #168) (Moak Response) was filed on June 22, 2018.  In the Moak Response, Robert W. "Bobby" Moak and Danny E. Cupit (Moak/Cupit) state that "[a]ccepting, *arguendo,* as undisputed, the facts asserted in support of the [Motion], they do not support the legal conclusions that the claim of Dudley Guice has priority over that of Moak and Cupit."[4]

*MCF AF LLC's Response in Opposition to Motion for Summary Judgment of Dudley Guice* (Adv. Dkt. #175) (MCF Response) was filed on June 22, 2018.  The MCF Response also denies that the Motion should be granted.  MCF AF LLC (MCF) states that the Motion fails to "identify the admissible evidence which [Guice] believes demonstrates the absence of a genuine issue of material fact."[5]

Further, MCF alleges that even if Guice had attached sufficient materials to support his Motion, the Motion should be denied because there is a genuine dispute of material fact regarding whether Guice has been paid for his claim.  Attached as exhibits to the MCF Response are excerpts from the deposition of Eduardo Flechas and a copy of a cancelled check for $90,000.00 made out to Guice.  Mr. Flechas testified that Guice advanced him only $65,000.00, which he states he repaid in full.[6]

In *WAG, LLC's Combined Response to Motions for Summary Judgment filed by Defendants*

---

[4]*Response of Robert W. "Bobby" Moak and Danny E. Cupit to the Motion for Summary Judgment filed by Dudley Guice*, Adv. Case No. 1700006EE, Adv. Dkt. #168, p. 1, ¶ 1, June 22, 2018.

[5]*MCF AF LLC's Response in Opposition to Motion for Summary Judgment of Dudley Guice*, Adv. Case No. 1700006EE, Adv. Dkt. #175, p. 2, ¶ 6, June 22, 2018.

[6]*Id.* at 3.

*Bobby Moak and Danny Cupit, Dudley Guice, and MCF AF, LLC* (Adv. Dkt. #176) (WAG Response), WAG, LLC (WAG) requests that the Court strike or deny the Motion because Guice failed to file a brief as required by Uniform Local Rule 7056-1(3)(A).

Even after the WAG Response was filed and Guice was put on notice that he had not complied with the local rules, Guice did not file and has not filed a brief in support of his Motion. Therefore, the Court finds that the Motion should be dismissed for failure of Guice to comply with Uniform Local Rule 7056-1(3)(A). While dismissal of the Motion may seem harsh, "[t]he [Uniform] Local Rules are in place to ensure judicial efficiency and fairness in the adjudication of disputes in [the bankruptcy courts in Mississippi]." *In re CTLI, LLC*, 534 B.R. 895, 907 (Bankr. S.D. Tex. 2015). "Courts have broad discretion in interpreting and applying their own local rules adopted to promote efficiency in the court." *Bonner v. Adams, (In re Adams)*, 734 F.2d 1094, 1102 (5th Cir. 1984) (citation omitted).

Further, the Court finds that the dismissal of the Motion is well within the equitable powers granted to the Court pursuant to 11 U.S.C. § 105(a). Section 105(a) empowers the Court to "[take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

In the alternative, the Motion should be denied because a genuine dispute as to a material fact exists. There is a genuine dispute as to not only the validity, but also the priority of Guice's claim. Consequently, summary judgment could not be granted in favor of Guice.

**IT IS THEREFORE ORDERED** that *Defendant's (Dudley Guice) Motion for Summary Judgment* (Adv. Dkt. #163) filed by Dudley Guice, *pro se*, is hereby dismissed for failure to comply with Miss. Bankr. Uniform L. R. 7056-1(3)(A).

**IT IS FURTHER ORDERED** that in the alternative a genuine dispute as to material facts exists and that the *Defendant's (Dudley Guice) Motion for Summary Judgment* (Adv. Dkt. #163) filed by Dudley Guice, *pro se*, is not well-taken and is hereby denied.

##END OF ORDER##